**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN (GREENBELT) DIVISION**

| | | |
|---|---|---|
| MARY UMPHRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  8:15-cv-3885 |
| vs. | ) | |
| | ) | |
| OXFORD LAW, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, MARY UMPHRIES, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, OXFORD LAW, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Sunderland, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a limited liability company of the State of Minnesota, which is licensed to do business in Maryland and which has its principal place of business in Pennsylvania.

**ALLEGATIONS**

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about March 3, 2015 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees placed a telephone call to Plaintiff's residence and spoke with her mother-in-law, in an attempt to collect the alleged debt. During this call, Defendant's agents, representatives and/or employees identified the name of the Defendant without having been requested to do so by Plaintiff's relative. In addition, Defendant's agents, representatives and/or employees disclosed to Plaintiff's relative that they were attempting to collect an alleged debt from Plaintiff.

10. Defendant's agents, representatives and/or employees had no reason to have a discussion with Plaintiff's relative, as Defendant already was in possession of valid contact information for the Plaintiff herself.

11. The debt Defendant's, its' agents and/or representatives and/or employees were attempting to collect are not owed by Plaintiff.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

   b. Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

   c. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   d. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARY UMPHRIES, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

_____/s/_____
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, OH 44122
(216) 452-9301 (phone)
(866) 551-7791 (facsimile)
mitch@mluxlaw.com